IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| INTERNATIONAL ASSOCIATION OF HEAT AND FROST INSULATORS LOCAL 17 PENSION FUND; INTERNATIONAL ASSOCIATION OF HEAT AND FROST INSULATORS LOCAL 17 WELFARE FUND; INTERNATIONAL ASSOCIATION OF HEAT AND FROST INSULATORS LOCAL 17 ANNUITY FUND; INTERNATIONAL ASSOCIATION OF HEAT AND FROST INSULATORS AND ASBESTOS LOCAL 17 JOINT APPRENTICESHIP, TRAINING, AND RECORD KEEPING TRUST; THE LABOR MANAGEMENT COOPERATIVE TRUST; and INTERNATIONAL ASSOCIATION OF HEAT AND FROST INSULATORS AND ALLIED WORKERS, LOCAL 17 OF CHICAGO, ILLINOIS, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | NO. 20-cv-3301<br><br>JUDGE:<br><br>MAGISTRATE JUDGE: |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | |
| CEC ENVIRONMENTAL, INC., an Illinois Corporation; and CELTIC ENVIRONMENTAL, INC., an Illinois Corporation, | ) ) ) ) ) ) | |
| Defendants. | ) | |

**COMPLAINT**

NOW COME the Plaintiffs, the INTERNATIONAL ASSOCIATION OF HEAT AND FROST INSULATORS LOCAL 17 PENSION FUND, the INTERNATIONAL ASSOCIATION OF HEAT AND FROST INSULATORS LOCAL 17 WELFARE FUND, the INTERNATIONAL ASSOCIATION OF HEAT AND FROST INSULATORS LOCAL 17 ANNUITY FUND, the INTERNATIONAL ASSOCIATION OF HEAT AND FROST INSULATORS AND ASBESTOS LOCAL 17 JOINT APPRENTICESHIP, TRAINING, AND RECORD KEEPING TRUST (collectively "Trust Funds"), the LABOR MANAGEMENT COOPERATIVE TRUST

("LMCT"), and the INTERNATIONAL ASSOCIATION OF HEAT AND FROST INSULATORS AND ALLIED WORKERS, LOCAL 17 OF CHICAGO, ILLINOIS ("Local 17"), by and through their attorneys, JOHNSON & KROL, LLC, and complain of the Defendants CEC ENVIRONMENTAL, INC. ("CEC") and CELTIC ENVIRONMENTAL, INC. ("Celtic") as follows:

## JURISDICTION AND VENUE

1. This action arises under Sections 502 and 515 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA") (29 U.S.C. §§ 1132 and 1145) and Section 301 of the Labor-Management Relations Act (29 U.S.C. § 185). The Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. §§ 185(c), 1132(e)(1), and 1145 as well as 28 U.S.C. § 1331.

2. Venue is proper in this Court pursuant to 29 U.S.C. § 1132(e)(2) in that the Trust Funds, are administered at 18520 Spring Creek Drive, Tinley Park, Illinois 60477, and pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in the Northern District of Illinois, Eastern Division.

## PARTIES

3. The Trust Funds receive contributions from numerous employers pursuant to collective bargaining agreements between the employers and Local 17, and therefore are multiemployer plans under 29 U.S.C. § 1002.

4. The LMCT is a Labor Management Cooperation Committee administered in Tinley Park, Illinois.

5. Local 17 is the bargaining representative of Defendant CEC's bargaining unit employees.

6. CEC is an Illinois corporation with its principal place of business located in Chicago Ridge, Illinois.

7. Celtic is an Illinois corporation with its principal place of business located in Chicago Ridge, Illinois.

## FACTS COMMON TO ALL COUNTS

8. CEC is an employer engaged in an industry affecting commerce.

9. CEC was incorporated on or about May 9, 2006.

10. Defendant CEC agreed to be bound to the Area Agreements between Local 17 and the Illinois Regional Insulation Contractors Association, Inc. (A copy of the Area Agreement in effect from June 1, 2016, through May 31, 2019 is attached hereto as **Exhibit 1**); (A copy of the Extension Agreement extending the terms of the Area Agreement through May 31, 2020 is attached hereto as **Exhibit 2**).

11. Through the Area Agreements, CEC agreed to be bound by the provisions of the Agreements and Declarations of Trust which created the Trust Funds (hereinafter "Trust Agreements").

12. Pursuant to the provisions of the Area Agreements and the Trust Agreements, CEC is required to make monthly reports of hours worked by its bargaining unit employees (hereinafter referred to as "monthly Contribution Reports") and pay contributions to the Trust Funds and LCMT for each hour worked pursuant to the Area Agreement at the negotiated rate.

13. During all times relevant, the monthly reports and contributions described in Paragraph 12 were due on or before the twentieth (20th) day of the calendar month following the calendar month during which the work was performed.

14. Pursuant to Section 502(g)(2) of ERISA, and the provisions of the CBA and Trust Agreements, employers who fail to submit their monthly Contribution Reports and contributions to the Trust Funds and LMCT on or before the twentieth (20th) day of each month are responsible for the payment of liquidated damages equal to 10% of the amount unpaid; in the event payment is not made by the thirtieth (30th) day of the month, an additional 10% in liquidated damages for each fund is assessed on the unpaid amount.

15. Pursuant to the terms of the Area Agreements, CEC is required to deduct union dues assessed at 3.5% of each covered employee's total wage and contribution package from its employees' paychecks and remit payment of those dues to Local 17.

16. Defendant Celtic is an employer engaged in an industry affecting commerce.

17. Celtic was incorporated on or about December 5, 2003.

18. Celtic is a non-union company and is not signatory to the Area Agreement with Local 17.

## COUNT I
## BREACH OF THE AREA AGREEMENT: ALTER-EGO LIABILITY

19. Plaintiffs re-allege and incorporate the allegations contained in Paragraphs 1-18 of this Complaint with the same force and effect as if fully set forth herein.

20. Joseph Smrz is the President of both CEC and Celtic.

21. Attorney Edward V. Sharkey is the registered agent for both CEC and Celtic.

22. CEC and Celtic simultaneously operate out of the building located at 6640 W. 99th Place, Chicago Ridge, Illinois.

23. Celtic owns the building located at 6640 W. 99th Place, Chicago Ridge, Illinois.

24. CEC does not have any vehicles registered in its name.

25. Celtic has numerous vehicles registered in its name.

26. CEC and Celtic are covered by the same workers' compensation policy issued by Great Divide Insurance Company.

27. Both CEC and Celtic hold themselves out as performing asbestos abatement, lead abatement, mold remediation, mechanical insulation work, and interior demolition work.

28. Both CEC and Celtic hold themselves out as performing residential, commercial, industrial, public, and school work.

29. Both CEC and Celtic perform work in Illinois, Indiana, Michigan, and Wisconsin.

30. Many of the same images appear on the CEC and Celtic websites.

31. CEC has used the email address accounting@celticenvironmental.com to provide contribution reports to the Plaintiffs.

32. The emails on behalf of CEC from accounting@celticenvironmental.com include the logo and phone number for Celtic that appear on Celtic's website.

33. During a discussion with a representative of Local 17 regarding work being performed at the LaSalle/Peru High School, a superintendent for Celtic indicated that at least one Local 17 member works for Celtic.

34. CEC and Celtic share the same management.

35. CEC and Celtic employ some of the same employees.

36. CEC and Celtic share the same administrative and accounting staff.

37. Upon information and belief, CEC and Celtic share some or all of the same tools and equipment.

38. Upon information and belief, CEC and Celtic share the same customer list and maintain other joint corporate records.

39. Upon information and belief, CEC and Celtic have commingled assets.

40. Recognition of CEC and Celtic as separate entities would sanction a fraud or promote injustice in that CEC would be permitted to escape the contractual and financial obligations to the Plaintiffs.

41. Celtic is the alter-ego of CEC and is directly liable for the contractual and financial obligations of CEC, including CEC's obligation to contribute to the Plaintiffs on behalf of its employees working in the trade and territorial jurisdiction of Local 17.

42. Celtic refuses to pay contributions on behalf of its employees working within the trade and territorial jurisdictions of Local 17.

43. Plaintiffs have been required to employ the undersigned attorneys to collect the monies that are due and owing from CEC and Celtic.

44. Plaintiffs have complied with all conditions precedent in bringing this suit.

45. CEC and Celtic are obligated to pay the reasonable attorney's fees and court costs incurred by the Plaintiffs pursuant to the Area Agreement, Trust Agreements, and 29 U.S.C. § 1132(g)(2)(D).

**WHEREFORE**, Plaintiffs respectfully request:

A. That this Honorable Court enter an order holding that Celtic is the alter-ego of CEC;

B. That this Honorable Court enter an order holding that Celtic is bound to the terms of the Area Agreements with Local 17;

C. That this Honorable Court enter an order requiring Celtic to submit to a payroll compliance audit to determine the full amount of its liability to the Plaintiffs;

D. That Judgment be entered in favor of the Plaintiffs and against CEC and Celtic, jointly and severally, for all contributions, liquidated damages and interest revealed by the payroll

compliance audit, along with the costs of the audit;

E. That CEC and Celtic be ordered to pay the reasonable attorney's fees and costs incurred by the Plaintiffs pursuant to the Area Agreement, Trust Agreements and 29 U.S.C. § 1132(g)(2)(D); and

F. That Plaintiffs have such other and further relief as the Court may deem just and equitable all at CEC and Celtic's cost, pursuant to 29 U.S.C. § 1132(g)(2)(E).

**COUNT II**
**BREACH OF THE AREA AGREEMENT: SINGLE EMPLOYER LIABILITY**

46. Plaintiffs re-allege and incorporate the allegations contained in Paragraphs 1-45 of this Complaint with the same force and effect as if fully set forth herein.

47. Joseph Smrz is the President of both CEC and Celtic.

48. Attorney Edward V. Sharkey is the registered agent for both CEC and Celtic.

49. CEC and Celtic simultaneously operate out of the building located at 6640 W. 99th Place, Chicago Ridge, Illinois.

50. Celtic owns the building located at 6640 W. 99th Place, Chicago Ridge, Illinois.

51. CEC does not have any vehicles registered in its name.

52. Celtic has numerous vehicles registered in its name.

53. CEC and Celtic are covered by the same workers' compensation policy issued by Great Divide Insurance Company.

54. Both CEC and Celtic hold themselves out as performing asbestos abatement, lead abatement, mold remediation, mechanical insulation work, and interior demolition work.

55. Both CEC and Celtic hold themselves out as performing residential, commercial, industrial, public, and school work.

56. Both CEC and Celtic perform work in Illinois, Indiana, Michigan, and Wisconsin.

57. Many of the same images appear on the CEC and Celtic websites.

58. CEC has used the email address accounting@celticenvironmental.com to provide contribution reports to the Plaintiffs.

59. The emails on behalf of CEC from accounting@celticenvironmental.com include the logo and phone number for Celtic that appear on Celtic's website.

60. During a discussion with a representative of Local 17 regarding work being performed at the LaSalle/Peru High School, a superintendent for Celtic indicated that at least one Local 17 member works for Celtic.

61. CEC and Celtic share the same management.

62. CEC and Celtic employ some of the same employees.

63. CEC and Celtic share the same administrative and accounting staff.

64. Upon information and belief, CEC and Celtic share some or all of the same tools and equipment.

65. Upon information and belief, CEC and Celtic share the same customer list and maintain other joint corporate records.

66. Upon information and belief, CEC and Celtic have commingled assets.

67. CEC and Celtic operate a double-breasted operation wherein CEC is the union shop and Celtic is the non-union shop.

68. CEC and Celtic are a "single employer" for the purposes of determining employees' fringe benefit contributions in that they share an interrelation of operations, common management and centralized control over labor relations.

69. Celtic refuses to pay contributions on behalf of its employees working within the trade and territorial jurisdictions of Local 17.

70. Plaintiffs have been required to employ the undersigned attorneys to collect the monies that are due and owing from CEC and Celtic.

71. Plaintiffs have complied with all conditions precedent in bringing this suit.

72. CEC and Celtic are obligated to pay the reasonable attorney's fees and court costs incurred by the Plaintiffs pursuant to the Area Agreement, Trust Agreements, and 29 U.S.C. § 1132(g)(2)(D).

**WHEREFORE**, Plaintiffs respectfully request:

A. That this Honorable Court enter an order holding that Celtic constitutes a single employer with CEC;

B. That this Honorable Court enter an order holding that Celtic is bound to the terms of the Area Agreement with Local 17;

C. That this Honorable Court enter an order requiring Celtic to submit to a payroll compliance audit to determine the full amount of its liability to the Plaintiffs;

D. That Judgment be entered in favor of the Plaintiffs and against CEC and Celtic, jointly and severally, for all contributions, liquidated damages and interest revealed by the payroll compliance audit, along with the costs of the audit;

E. That CEC and Celtic be ordered to pay the reasonable attorney's fees and costs incurred by the Plaintiffs pursuant to the Area Agreement, Trust Agreements and 29 U.S.C. §1132(g)(2)(D); and

F. That Plaintiffs have such other and further relief as the Court may deem just and equitable

all at CEC and Celtic's cost, pursuant to 29 U.S.C. §1132(g)(2)(E).

                Respectfully Submitted,

**INTERNATIONAL ASSOCIATION OF HEAT AND FROST INSULATORS LOCAL 17 PENSION FUND** *et al.*

/s/ William M. Blumthal, Jr. - 6281041
One of Plaintiffs' Attorneys


William M. Blumthal, Jr.
**JOHNSON & KROL, LLC**
311 S. Wacker Drive, Suite 1050
Chicago, Illinois 60606
(312) 757-5477
blumthal@johnsonkrol.com